# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-09-64-FHS-SPS |
| ) | |
| DAVID ORMAN, et. al. ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

Before the court for its consideration is the defendants David Orman, Marty Sirmons, and Debbie Morton's Motion to Dismiss and Defendant Max William's Motion to Dismiss. Plaintiff, appearing *pro se*, is an inmate originally convicted in Oregon who is now in the custody of the Oklahoma Department of Corrections, incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma. The incidents, as related in Plaintiff's Amended Complaint, occurred while he was incarcerated at the Oklahoma State Penitentiary. He alleges that defendants violated his civil rights by returning mail addressed to him without notice, as required under the Oklahoma Department of Corrections policy.

## FINDINGS OF FACT

Plaintiff is a prisoner originally convicted in Oregon and is currently within the custody of the Oklahoma Department of Corrections. On August 14, 2007, plaintiff submitted a Request to Staff to Defendant Orman objecting to the rejection of mail "sent by the Blackstone Career Institute". Plaintiff noted in the Request to Staff that pursuant to the Oklahoma Department of

1

Corrections policy he is "entitled to notice of mail violations." On September 6, 2007, plaintiff submitted a grievance to defendant Sirmons which stated that "I was not provided with a notice of reason for the violation and return of my mail." Plaintiff noted that, pursuant to Oklahoma Department of Corrections policy, he was "entitled to a notice of mail violations." Plaintiff claims that non-privileged non-legal mail was returned to the sender without written notice to plaintiff, in violation of Oklahoma Department of Corrections policies. Plaintiff claims that defendants violated his constitutional rights by not following Oklahoma Department of Corrections policies. Defendant Morton and Sirmon's only involvement in the claims in this suit was through their role in the grievance process. All events plaintiff complains of took place in Oklahoma. Max Williams is the Director of Corrections for the State of Oregon.

## Max Williams

Plaintiff names Max Williams as a defendant in a lawsuit for events that occurred entirely in Oklahoma and were allegedly done by employees of the Oklahoma Department of Corrections. Plaintiff alleges that because he was transferred from Oregon to Oklahoma through the Interstate Corrections Compact, Max Williams remains liable for all actions that arise in Oklahoma and are committed by employees of the state of Oklahoma. Personal participation is an essential element of a 42 U.S.C. Sec. 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Thus, since plaintiff fails to allege any personal participation by defendant Williams, this defendant's motion to dismiss is hereby granted.

<u>David Orman, Marty Sirmons, and Debbie Morton's</u>

In his amended complaint, plaintiff alleges that defendants violated plaintiff's right to Free Speech under the First Amendment and his right to Due Process under the Fourteenth Amendment, when defendants returned mail to the sender without a notice of violation being sent to the plaintiff. He also alleges that defendants failed to provide a statement of reasons for the violation. Finally, he alleges that defendants did not provide plaintiff with the opportunity to appeal the violation. Plaintiff basically alleges that defendants failed to follow policy. In the response to the motion, plaintiff alleges that he made additional claims but a review of the amended complaint shows that his only complaint is that defendants failed to follow prison policy regarding the return of mail.

Defendants allege the plaintiff's complaint fails to state a claim upon which relief can be granted. It is well established that a violation of a prison regulation does not rise to the level of a constitutional violation. <u>Gaines v. Stenseng</u>, 292 F.3d 1222, 1225 (10th Cir. 2002). See <u>Adickes v S.H. Kress & Company</u>, 398 U.S. 144, 150 (10th Cir. 2002)(To establish a civil rights violation, plaintiff must prove defendant deprived him of a right secured by the Constitution and laws of the United States). Plaintiff's amended complaint only alleges that defendants failed to follow policy regarding returned mail. Thus, since this is plaintiff's only allegation and since a violation of a prison regulation cannot rise to the level of a constitutional violation for a civil rights lawsuit, defendants Orman, Sirmons and Morton's motion to dismiss is hereby granted.

Accordingly, defendant Max William's Motion to Dismiss is

hereby granted and defendants Orman, Sirmons, and Morton's Motion to Dismiss is also hereby granted.

**IT IS SO ORDERED** this 16th day of December, 2009.

*Frank H. Seay*
United States District Judge